**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CLINTON BANKS,

      Petitioner,

v.                                            Case No. 8:16-cv-154-T-33TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

## ORDER

Petitioner Clinton Banks, a state of Florida inmate proceeding *pro se*, filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 6) and memorandum of law (Doc. 7). Banks' convictions were entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida. Respondent filed a response (Doc. 9), which incorporates a motion to dismiss the petition as time-barred. Banks filed a reply (Doc. 12). Upon review, the petition must be dismissed as time-barred.

### PROCEDURAL HISTORY

A jury convicted Banks of three counts of kidnapping with a firearm and three counts of robbery with a firearm. (Doc. 11, Ex. 1.) He was sentenced to an overall term of 40 years in prison. (Id.) The state appellate court *per curiam* affirmed the convictions and sentences. (Doc. 11, Ex. 2.) It also denied Banks' motion for rehearing. (Id.)

Banks filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which the state court denied after an evidentiary hearing. (Doc. 11, Ex.

4.)   The state court denied Banks' motion for rehearing.   (Doc. 11, Ex. 5.)   Banks' postconviction appeal was dismissed as untimely.   (Doc. 11, Ex. 7, July 31, 2014 Order.) Banks subsequently filed numerous petitions for writs of mandamus, certiorari, and habeas corpus in the state courts.

## UNTIMELINESS OF FEDERAL HABEAS PETITION

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year period of limitation for filing a § 2254 federal habeas petition.   This period runs from the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."   28 U.S.C. § 2244(d)(1)(A). The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . ." 28 U.S.C. § 2244(d)(2).

In direct appeal proceedings, the Second District Court of Appeal denied Banks' motion for rehearing on June 23, 2010.  (Doc. 11, Ex. 2.)  Banks' judgment became final 90 days later, on September 21, 2010, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired.  *Clay v. United States*, 537 U.S. 522, 527 (2003); *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002).

Banks had already filed his postconviction motion by that date.  (Doc. 11, Ex. 3.) After denying the postconviction motion, the state court denied Banks' motion for rehearing on May 22, 2014.  (Doc. 11, Exs. 3, 5.)  This order informed Banks that he had 30 days to file an appeal.  (Doc. 11, Ex. 5.) Banks' period to file an appeal of the postconviction court's order expired on June 23, 2014.  When his AEDPA limitation period began to run the next

day, Banks had one year to file his federal habeas petition absent any tolling motions.[1]

The state appellate court determined that Banks' June 26, 2014 notice of postconviction appeal was untimely. (Doc. 11, Ex. 7, July 31, 2014 Order.)[2]  Therefore, the limitation period was not tolled because the notice of appeal was not properly filed in accordance with state procedural requirements.  An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted).  *See also Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions.  Because the state court rejected petitioner's . . . petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").

Banks' September 2, 2014 petition for writ of mandamus filed in the Florida Supreme Court (Doc. 11, Ex. 8) was not a tolling application.  *See Wall v. Kholi*, 562 U.S. 545, 553 (2011) ("Viewed as a whole, . . . 'collateral review' of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process.").  In this mandamus petition, Banks asked the Florida Supreme Court to require

---

[1] Banks' motion for rehearing was likely untimely.  *See* Fla. R. Crim. P. 3.070, 3.850(j).  An untimely motion for rehearing would not have tolled the time in which to appeal the court's order denying Banks' postconviction motion.  *See Outlaw v. State*, 96 So.3d 1057 (Fla. 2d DCA 2012) (an untimely motion for rehearing "did not toll the time for filing the appeal, regardless of the fact that the postconviction court chose to address that untimely motion for rehearing.").  Accordingly, it appears that Banks' AEDPA limitation period began to run earlier, upon expiration of the 30-day period to timely appeal the state court's April 16, 2014 order denying his postconviction motion.  In an abundance of caution, however, the Court will proceed as if Banks' AEDPA limitation period began on June 24, 2014.

[2] The 30-day period expired on Saturday, June 21, 2014.  Therefore, Banks would have had until Monday, June 23, 2014 to file his notice of appeal.  *See* Fla. R. Crim. P. 3.040, Fla. R. Jud. Admin. 2.514(a).

"the district court to correct its ruling on the notice of appeal" that was dismissed as untimely. (Doc. 11, Ex. 8, p. 1.) Accordingly, the petition did not involve a "collateral review" of the judgment.

Banks' petition for writ of certiorari filed in the Florida Supreme Court on December 17, 2014 was treated as a mandamus petition and denied as repetitive on April 21, 2015. (Doc. 11, Ex. 12.) Banks requested that the Florida Supreme Court direct the Second District Court of Appeal to reinstate his appeal. (Id.) As with Banks' initial mandamus petition, this was not a tolling application because it sought to compel judicial action rather than to obtain collateral review of the judgment.[3]

Banks states that he filed "a judicial notice" in the Florida Supreme Court on December 17, 2014. (Doc. 6, p. 15.) This is not contained in the record before the Court; however, Banks states that it was stricken as untimely. (Id.) Therefore, this untimely filing was not a tolling application. *See Artuz*, 531 U.S. at 8; *Pace*, 544 U.S. at 417.

The federal habeas petition indicates that Banks filed a petition for writ of habeas corpus in the Circuit Court for the Fifth Judicial Circuit on January 28, 2015, which was denied on February 17, 2015. (Doc. 6, pp. 3, 15.) Although Banks' convictions and sentences were entered by the Circuit Court for the Thirteenth Judicial Circuit, he is incarcerated within the territorial jurisdiction of the Fifth Judicial Circuit. Neither the habeas petition filed in the Circuit Court for the Fifth Judicial Circuit nor the order denying it are

---

[3] Banks states that he filed a motion for clarification on January 8, 2015. (Doc. 6, p. 15.) Although the motion itself is not contained in the record, the record reflects that the motion was granted and that the Florida Supreme Court informed Banks his December 2014 petition for writ of certiorari was treated as a petition for writ of mandamus. (Doc. 11, Ex. 8, Florida Supreme Court Case Docket, Case Number SC14-1728.) Banks does not establish, and the record does not indicate, that his motion for clarification was a tolling application.

contained in the record.  However, there is no indication that this was a tolling application because any habeas petition filed in the Fifth Judicial Circuit could not have properly raised claims involving collateral review of the judgment.  *See Valdez-Garcia v. State*, 965 So.2d 318, 319-22 (Fla. 2d DCA 2007) (explaining that a habeas petition is properly filed in the circuit court of the circuit in which a prisoner is incarcerated, but that following the creation of Rule 3.850, such a habeas petition is limited to issues that do not involve a collateral attack on the judgment and sentence).

Banks next filed a petition for writ of habeas corpus in the Florida Supreme Court on April 6, 2015.  Citing *Baker v. State*, 878 So.2d 1236 (Fla. 2004), the Florida Supreme Court dismissed Banks' habeas petition because relief was not authorized.  (Doc. 11, Ex. 13.)  In *Baker*, the Florida Supreme Court announced that it would dismiss as unauthorized any habeas petition that sought relief appropriate under Florida Rule of Criminal Procedure 3.850 but (1) was untimely under Rule 3.850, (2) raised claims that could have been raised at trial or on direct appeal, or (3) was a successive motion not permitted under Rule 3.850. 878 So.2d at 1245-46.  The Florida Supreme Court then struck Banks' motion for rehearing as unauthorized.  (Doc. 11, Ex. 13.)  Accordingly, neither Banks' habeas petition nor his petition for rehearing was "properly filed" to constitute a tolling application.

Banks did not file any tolling application in state court on or before June 24, 2015. Therefore, the AEDPA limitation period expired before Banks filed his habeas petition on January 18, 2016.[4]  Banks has not argued or demonstrated that his untimely petition may

---

[4] Even if Banks' January 28, 2015 habeas petition was considered a tolling application, his petition would still be untimely.  A total of 219 days of untolled time passed before Banks filed this petition.  The limitation period began running again after its denial on February 17, 2015.  Banks also states that he filed a petition for writ of habeas corpus in the Fifth District Court of Appeal on July 6, 2015.  (Doc. 6, p. 15.)  This petition was dismissed on July 27, 2015.  (Doc. 11, Ex. 17.)  The petition and order of dismissal are not in the

be considered on the basis of equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (The one-year limitation period of § 2244(d) "is subject to equitable tolling in appropriate cases."). Nor does he present proof of his actual innocence that would permit review of his habeas petition.  *See McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924, 1928 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.").

Finally, even if Banks' petition was timely filed, he would not be entitled to relief because he has not raised any claims cognizable in a federal habeas proceeding.  In Ground One, Banks claims that the Second District Court of Appeal erred in finding his postconviction appeal untimely, resulting in a due process violation.  In Grounds Two and Three, Banks argues that his due process rights were violated by the Fifth District Court of Appeal's failure to address the merits of his claims concerning the trial court's jurisdiction. In Ground Four, Banks asserts that he was denied due process when the Second District Court of Appeal entered a *per curiam* affirmance of his judgment and sentence without addressing his claims on the merits.

A state prisoner may only obtain federal habeas relief if he is in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).  Banks challenges the manner in which state courts processed his appeals.  Whether the state appellate courts properly applied

---

record.  Assuming this petition to be a tolling application, another 139 days of untolled time, for a total of 358 days, passed before Banks filed it.  When the AEDPA limitation period began to run after the petition's denial, Banks had seven days, until August 3, 2015, absent any state court tolling applications to file his federal habeas petition.  The record reflects no other motions filed in state court on or before August 3, 2015.

state procedural rules or reviewed the merits of Banks' claims presents no federal issue, as this question does not raise a constitutional challenge to the validity of Banks' convictions.

Thus, Banks has not presented a cognizable claim for federal habeas review. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("It is clear from [28 U.S.C. § 2254(a)] that a habeas petition grounded on issues of state law provides no basis for habeas relief."). Banks' assertion of a Fourteenth Amendment violation does not change this conclusion. *See id.* ("This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'") (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976)). *See also Carroll v. Sec'y DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009) ("[A] challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment–*i.e.,* the conviction itself–and thus habeas relief is not an appropriate remedy."); *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004) ("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief.") (citing *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987)).

It is therefore

**ORDERED** that Respondent's motion to dismiss the petition as time-barred (Doc. 9) is **GRANTED**. It is further **ORDERED** that Banks' amended petition for writ of habeas corpus (Doc. 6) is **DISMISSED** as time-barred. The Clerk is directed to enter judgment against Banks and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

It is further **ORDERED** that Banks is not entitled to a certificate of appealability (COA).  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a COA, Banks must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Banks cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.  Finally, because Banks is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** at Tampa, Florida, on April 26, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Clinton Banks
Counsel Of Record